# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROGER DALE LYMAN,            )
                             )
           Plaintiff,        )
                             )
v.                           )      Case No. CIV-12-510-JHP-KEW
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social       )
Security Administration,     )
                             )
           Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff Roger Dale Lyman (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on March 26, 1982 and was 29 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade. Claimant has no past relevant work. Claimant alleges an inability to work beginning September 10, 2009 due to limitations resulting from diabetes with insulin resistance and proteinuria, peripheral neuropathy, diabetic and hypertensive

retinopathy, hypertension with hypertensive urgency, hearing loss, sleep apnea, lumbar degenerative disc disease, osteoarthritis, and obesity.

## Procedural History

On September 14, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 27, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Charles Headrick in Tulsa, Oklahoma. By decision dated May 20, 2011, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on October 24, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

discuss significantly probative evidence that contradicted his findings; (2) failing to apply the correct legal standards with regard to Claimant's medical noncompliance; and (3) arriving at a legally flawed RFC assessment.

**Significantly Probative Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus, type 2, hypertension, and obesity. (Tr. 14). He also found Claimant retained the RFC to perform medium work, concluding he can lift/carry 50 pounds occasionally and 25 pounds frequently, he can stand/walk for about 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday. The ALJ also determined Claimant had no postural limitations. (Tr. 14). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of janitor, hand packager, bench assembler, fast food worker, and optical goods assembler, all of which the ALJ determined exist in substantial numbers in the state and national economies. (Tr. 17).

Claimant contends that the ALJ erred in failing to consider certain probative evidence which would indicate Claimant cannot perform at the medium exertional level. The ALJ's recitation of the medical record is unusually sparse. He references the

examination by Dr. Jimmie Taylor on February 12, 2010. Dr. Taylor noted Claimant's feet were swollen, he experienced decreased light touch sensation on his feet bilaterally, had no light touch sensation on medial feet and normal light touch sensation in his hands. (Tr. 382-83). In this same vein, however, the ALJ did not note the hospitalization for low back pain and lower extremity weakness in October of 2009. (Tr. 359). The ALJ also did not note the degenerative disc disease and osteoarthritis in the lumbar spine. (Tr. 362). The ALJ also did not apparently consider the multiple findings that Claimant's blood sugar and hypertension was uncontrolled despite Claimant's compliance with his medication regimen. (Tr. 202-03, 254, 259, 358, 378-80, 382-83, 400-01, 403-04, 485, 528, 539-44).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider the

totality of the medical record and discuss those limitations and conditions which directly affect the RFC determination that Claimant can perform at the medium exertional level.

**Medical Noncompliance**

Without doubt, the heart of the ALJ's decision centers upon the ALJ's belief that Claimant's conditions were exacerbated by his noncompliance with medical advice and treatment. On this point, the ALJ stated in his decision that

> Since before his alleged onset, Mr. Lyman appears to have been consistently noncompliant except for taking blood samples and, possibly, taking his insulin injections for his diabetes. He has not made significant inroads on either his diabetes or hypertension as both are described being (sic) uncontrolled by medical sources. He has gained weight since his alleged onset when the obvious goal was to lose weight for the sake of his diabetes, hypertension, and overall well-being. His current weight of 315 is well over 100 pounds beyond where his weight should be.

(Tr. 16).

Although Claimant may have been noncompliant in some aspects of his treatment, the ALJ failed to adequately discuss the effect of his noncompliance upon each of the impairments for which he sought treatment. On remand, the ALJ shall be required to link the evidence of noncompliance with each condition. Noncompliance without good cause alone, however, will not be sufficient to entirely discount an impairment unless it can be shown in the

7

record that Claimant would not suffer such an impairment absent the noncompliance and restore her ability to work.  Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir. 1985).  The ALJ shall also discuss whether Claimant was treated for his obesity as the ALJ has implied in his decision and whether Claimant was noncompliant with his treatment.  Otherwise, the ALJ is improperly inserting his own perceived proper medical treatment for that of the qualified physicians.

### RFC Assessment

Given the failure to discuss all probative evidence and the affect of that evidence upon his ability to perform medium work as well as the deficient findings on noncompliance, the ALJ shall reevaluate his RFC assessment on remand.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the

8

court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of February, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE